## Charles W. Rigdon, Appellant, v. Clair E. More, Administrator, Appellee.

### Gen. No. 14,227.

1. APPEALS AND ERRORS—*effect of reversal and general remandment.* A reversal and a general remandment places the case in the same situation in the lower court as it originally stood therein.

2. APPEALS AND ERRORS—*particular form of remanding order construed.* In this case, under the opinion of the Supreme Court and its order that the cause "be remanded to the Circuit Court of Cook county for such other and further proceedings as to law and justice shall appertain," a new trial was required.

3. EVIDENCE—*how far stipulation binding.* A stipulation made as to the evidence has application only with respect to the particular trial in connection with which it is made.

4. TRIAL—*what not.* *Held,* that the particular proceedings had in this case did not amount to a trial in the ordinary sense and that the order of dismissal entered by the court was properly entered for want of prosecution.

Contested claim in court of probate. Appeal from the Circuit Court of Cook county; the Hon. GEORGE A. CARPENTER, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed March 4, 1909.

FYFFE & ADCOCK, for appellant; COLIN C. H. FYFFE, of counsel.

BULKLEY, GRAY & MORE, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

The history of the cause in which this appeal has been taken is a peculiar one.

In 1898 the appellant, Charles W. Rigdon, brought suit against William W. Strong for a commission on a real estate sale, which Rigdon claimed Strong was liable to pay him. Rigdon procured a verdict in his favor, but the trial judge granted a new trial. Before the case was reached for trial Strong died and the suit abated. On February 7, 1901, Rigdon filed a claim in the Probate Court of Cook county, based on the same transaction, against the estate of William W. Strong, deceased, as follows:

"For services as broker in procuring sale of premises known as the north seventy-three (73) feet of lot seven (7), in block one hundred and forty (140), School Section Addition to Chicago, together with building, to Cyrus H. McCormick, on March 9, 1898,— 2 1/2 per cent on amount of sale and interest thereon at 5 per cent per annum from March 9, 1898, $10,500."

The claim was on hearing disallowed by the Probate Court on July 8, 1902. From this judgment of the Probate Court Rigdon appealed to the Circuit Court

of Cook county. March 29, 1905, the cause came to hearing in the Circuit Court. By agreement in open court a jury was waived and the cause "submitted to the court upon evidence, both oral and documentary, taken and heard before the Probate Court of Cook county on the trial of said claim in that court."

The Circuit Court found "the issues for the respondent and that the evidence is not sufficient to sustain the claim of said claimant and appellant, Charles W. Rigdon." It therefore "disallowed and denied" the claim and adjudged the costs against Rigdon.

From this judgment of the Circuit Court Rigdon appealed to this court, which, on consideration of the appeal, on October 8, 1906, affirmed the judgment of the Circuit Court. The opinion rendered on that affirmance is found in 128 Ill. App. 447. That opinion closes with these paragraphs:

"It is elementary that a defendant is only put to it to meet the evidence adduced on the trial by the plaintiff, and if such evidence falls short of establishing a right to recover, the defendant may rest in the security of its infirmity and demand the judgment of the court in its favor without resorting to his proofs.

"On the evidence in this record, with all the natural and fair inferences deducible from it, appellant is not entitled to maintain his claim against the estate of appellee for commissions, and the judgment of the Circuit Court disallowing the claim with costs is affirmed."

On the trial before the Probate Court the defendant had offered no testimony except by making one of claimant's witnesses his own for some questions adjudged not proper in cross-examination. As stated, the cause in the Circuit Court was submitted on the evidence taken in the Probate Court.

Against the judgment of this court affirming the Circuit Court, however, Rigdon sued out a writ of error from the Supreme Court, and that court on February 21, 1907, reversed the judgments of this

court and of the Circuit Court and remanded the cause to the Circuit Court. Rigdon v. More, 226 Ill. 382.

The opinion of the Supreme Court describes the history of the claim to the arrival of the controversy at the Supreme Court. It says: "On the hearing in the Circuit Court no evidence was offered by defendant in error"; then details the evidence offered in behalf of the plaintiff in error—says: "The foregoing we believe to be all the material portions of the evidence heard at the trial," and then proceeds:

"It is contended by defendant in error that no question of law is involved for our consideration; that the plaintiff in error failed to prove any contract of employment by Strong to sell the premises, that he failed to prove that he produced a buyer ready, able and willing to make the purchase on terms acceptable to the owner, and that the judgment of the Appellate Court settles these questions of fact and is conclusive upon this court. It is true this court cannot review the evidence upon controverted questions of fact for the purpose of determining whether it sustains the finding of the Appellate Court; but when the question is raised in the trial court whether there is evidence tending to prove the plaintiff's cause of action, the ruling may be examined by this court as presenting a question of law. Whether the evidence tends to prove the issue may be a question of law. (Cothran v. Ellis, 125 Ill. 496.) Where there is no controversy as to the facts, whether these facts sustain the plaintiff's cause of action or the defendant's defense is a question of law. (Snell, Taylor & Co. v. Pells, 113 Ill. 145.) 'Whether or not the record contains any evidence tending to establish a fact, is a question of law and which we must decide.' Commercial Union Assurance Co. v. Scammon, 126 Ill. 355. At the conclusion of the evidence, the trial court denied the request of the plaintiff in error to hold two propositions

of law. The first was, that under the evidence he was
entitled to recover. The second was as follows:

'Where there is an admission of a party that he is
indebted to the opposite party on account of certain
transactions, and such admission is the only evidence
of the actual contract, then such admission may be
taken as evidence tending to prove the existence of a
previous contract between the parties concerning the
matter referred to by the admission. So in this case,
the admission by the deceased, Strong, to the witness
Peters, that if the McCormicks bought the property
he, said Strong, will have to protect Rigdon in his
commissions, and that the deal belonged to Mr. Rig-
don with the McCormicks, is evidence tending to
prove the existence of the previous contract between
said deceased, Strong, and said Rigdon, to pay com-
missions for the sale of the property in question to
the McCormicks.'

"By the ruling of the court in denying these pro-
positions of law, the question was preserved as one of
law whether appellee's evidence, uncontradicted, en-
titled him to a finding in his favor."

The opinion then goes on to comment on the evi-
dence of the "admission" referred to in the second
refused instruction, and also other evidence intro-
duced by the claimant as to the bringing together of
the owner and purchaser of the property involved, and
proceeds again:

"We think the evidence makes a *prima facie* case of
employment by Strong of the plaintiff in error as a
broker to sell the real estate mentioned. Through the
efforts of plaintiff in error negotiations for the sale
by the purchaser were brought about, and these nego-
tiations continued until the sale was consummated",
*  *  *  and concludes:

"The judgments of the Appellate and Circuit
Courts are reversed and the cause remanded to the
Circuit Court."

The order of reversal and remandment, to throw

light on the effect of which this long excerpt from the opinion of the Supreme Court has been made, is general. It orders merely that the judgment of the Appellate and Circuit Courts be reversed and the cause "be remanded to the Circuit Court of Cook county for such other and further proceedings as to law and justice shall appertain."

April 16, 1907, the plaintiff in error filed this mandate in the Circuit Court, and on April 27, 1907, on motion of the plaintiff's attorney, it was ordered by the Circuit Court that the cause be placed "upon the several dockets of this court pursuant to said mandate." On August 5, 1907, after notice to the defendant in error, the following motion was made in the Circuit Court:

"And now comes the said plaintiff by Fyffe and Adcock, his attorneys, and moves the court that the court enter judgment herein for said plaintiff in the sum of ten thousand five hundred dollars, pursuant to the opinion of the Supreme Court of the State of Illinois in said cause, as reported in volume 226 Illinois Reports at page 382, and in support of this, his motion, the said plaintiff tenders to the court a certified copy of the record of said cause as filed in the Supreme Court in said cause."

A bill of exceptions shows that in connection with said motion, counsel for plaintiff "tendered to the court a true copy of the record and proceedings, together with a certified transcript of the opinion of the court", in No. 5107 in the Supreme Court, entitled Charles W. Rigdon v. Clair E. More, admr. of the estate of William W. Strong, deceased, certified to be a true copy by the clerk of said court, under its seal.

The counsel for the defendant announced: "We resist this motion and insist that we are entitled to have the case called for trial in its regular order on the docket, and for trial before a jury." The court then ruled on the plaintiff's motion, denying the same.

A long colloquy then took place between the coun-

sel for plaintiff and the court, in which counsel for plaintiff said: "The court having denied my motion to enter judgment, I elect to stand by the record as already made out in the Circuit Court before and in the former trial, and by the decision and opinion of the Supreme Court and by the mandate filed in this court of the Supreme Court in this cause, and I do not intend to introduce any evidence in support of my claim in this court. That, I take it, leaves only for the court the entry of judgment."

August 5, 1907, was during the usual vacation time of the courts, and the judge before whom the motion was made was sitting for "emergency" business. He hesitated to carry the matter further at that time because it was not "strictly emergency," but after further conversation between himself and counsel, ordered the record to show that the case was set for hearing on that fifth day of August, 1907, and called for hearing.

Counsel for plaintiff then again declared, "I state now to the court that I elect to stand by the record of this case as heretofore made in the Circuit Court in the former trial and by the record in the Supreme Court and the opinion and decision and mandate of the Supreme Court, and by the order of court overruling my motion for judgment; and I state to the court that I have no evidence now to introduce. The reason that I do not introduce evidence is because of the objection which might be hereafter made, that by introducing evidence by going into a new trial, I might waive whatever rights I have for the entry of judgment on the record as it now stands. That is all."

The court then "continued the case for hearing until the 16th of September, 1907."

On September 16th the parties again met before the same trial judge in the Circuit Court. The following colloquy occurred:

"COUNSEL FOR PLAINTIFF: There are two matters

coming before the Court this morning.  One is passing on the bill of exceptions which was prepared on the hearing of the motion of August 5th last,  *   *   *
The second matter is this: the Court has already denied my motion for the entry of judgment.  I wish now formally, for the purpose of reserving any possible right, to renew that motion.  I take it that that motion will now be again denied.  I am not seeking to re-argue it.

THE COURT:  That motion will be denied.

COUNSEL FOR PLAINTIFF:  I take exception to that ruling.  *   *   *

COUNSEL FOR PLAINTIFF:  *   *   *   Then the case being now set for trial this morning and being called, I elect to stand by the record as made in the Circuit Court in the former trial  *   *   *   and upon the decision and opinion of the Supreme Court.  The Court will understand that I am not declining to prosecute the case at all; I am simply standing by that record; there is nothing left for the Court to do, that I see, but to enter judgment dismissing my claim.

THE COURT:  You don't care to have the record show anything about a jury, do you, Mr. Bulkley?

(Mr. Bulkley was counsel for defendant.)

COUNSEL FOR DEFENDANT:  The record already shows our position, I think.  We claim that the case is where it originally started, and that we have a right to a trial by jury, etc.

*   *   *   *   *   *   *   *   *   *   *   *

COUNSEL FOR PLAINTIFF:  My position'' (on Aug. 5th) ''was exactly the same as it is now.  There is only this that I want to do, — that I desire that the case be called for trial, — I show the Court a certified copy of the record in the Supreme Court of this State in the same case.  *   *   *   It is the bill of exceptions that is now in the Supreme Court that I tender here at this hearing.

COUNSEL FOR DEFENDANT:  There isn't any hearing now, as I understand it.

*   *   *   *   *   *   *   *   *   *   *   *   *

COUNSEL FOR PLAINTIFF:  I also desire to present to

the Court a proposition of law showing my stand-point.

COUNSEL FOR DEFENDANT: I shall object to that most certainly, because propositions of law are only proper where there is a hearing before a court with a jury waived. Now, we have waived no jury.

THE COURT: * * * If he offers the proposition of law * * * I shall refuse to hold with him.

COUNSEL FOR DEFENDANT: I want this record to show that I object to it on the ground that proposi-tions of law are not proper except where it is a trial before a court without a jury.

COUNSEL FOR PLAINTIFF: Well; the case is called for trial.

COUNSEL FOR DEFENDANT: I have not waived a jury. Your statement simply eliminated it.

THE COURT: I think it is entirely unnecessary, but as I say, I will refuse your proposition of law, then both sides will get the benefit of that refusal.'

(No proposition of law appears, however, in the bill of exceptions.)

''COUNSEL FOR PLAINTIFF: Then upon that being done, I will ask for a new trial, and the Court in the same way refuses, and I except to that refusal.

THE COURT: I don't understand that.

COUNSEL FOR PLAINTIFF: I think the Court ought to decline to entertain such a motion.

COUNSEL FOR DEFENDANT: The position is anomal-ous, but I want to be safe and be sure that I have not left undone something that I should have done.''
*   *   *

The bill of exceptions concludes thus:

''Which was all the evidence offered, heard or taken or other proceedings had on the hearing in the above entitled cause, and thereupon, on the 28th day of September, A. D. 1907, the court entered an order of record, that the claim of said plaintiff be dismissed at plaintiff's costs, to which order plaintiff by his counsel then and there excepted'', etc.

In the common law record occurs the said order of September 28, 1907, as spread of record as follows:

"Now on this day the cause comes on for trial in the regular call of the docket, and thereupon comes the plaintiff by   *   *   *   his attorney, and the defendant by   *   *   *   his attorneys, and both parties announcing themselves ready for trial, It is ordered that the jury be called.

"THEREUPON, the plaintiff, by his attorney, announced to the court that the plaintiff elected to stand upon the record made, and would not offer any evidence upon the trial here. Whereupon, It is ordered by the court that the plaintiff's claim be and it hereby is dismissed at the plaintiff's costs.   *   *   *   "

It is from this order that the present appeal is taken.

The contention of the appellant is that there was nothing proper for the Circuit Court to do when the mandate of the Supreme Court and the accompanying opinion were brought to its attention, but to enter judgment in favor of the claimant.   Therefore, he says, the order dismissing the claim was erroneous. He bases this conclusion on these propositions:

First.   Although the remandment was in general terms, yet the merits of the controversy were adjudged and the court below had therefore only the duty of following the views of the Supreme Court.

We cannot accede to this statement as applicable to this cause.

The mandate was in the most general terms.   The opinion, from which we have quoted at length, says: "We think the evidence makes a *prima facie* case of employment by Strong of the plaintiff," and purports only to be deciding the question whether "appellee's evidence, *uncontradicted,* entitled him to a finding in his favor."

The Supreme Court has very frequently held, both early and lately, that a reversal and a general remandment places a case in the same situation in the lower court as it originally stood in: *e. g.* Chickering v. Failes, 29 Ill. 294, and Aurora & Geneva Railway Co.

v. Harvey, 178 Ill. 477. In this last case it was con-
tended that the appellant had in a previous trial had
its day in court, that the Supreme Court had passed
on the record as made, and the appellant should not
have been allowed to retry its case; but the court
said: "The rule is well settled that when a decree is
reversed and the cause is remanded without specific
directions, the judgment of the court below is entirely
abrogated, and the cause then stands in the court be-
low precisely as if no trial had occurred, and the lower
court has the same power over the record as it had
before its judgment or decree was rendered"; and
held that amendments to the pleadings and a new
trial on new evidence had been properly allowed by
the Circuit Court.

In the case at bar the implication of the general re-
mandment that a new trial was contemplated, is made
stronger by the expressions of the opinion before
quoted, and by the fact that the Supreme Court neces-
sarily passed decisively and finally only on whether
there was "evidence *tending* to prove plaintiff's cause
of action" in the record which came to it. That this
question, and this only, was the one before it, is made
evident not only by the opinion, but by the law which
prevents the Supreme Court from passing on the
weight of the evidence.

It is true, however, that in this case in the record
which went to the Supreme Court there was no evi-
dence appearing for the defendant, and in passing on
the exact question before them the Supreme Court
not only said that the evidence for the claimant tended
to establish the claim, but expressly declared that, un-
contradicted, it did establish it.

On this fact the appellant bases his second claim
that even if the general remandment opened the way
for a new trial, the judgment in this case was errone-
ous. But this position is in turn based on the claim
that a new trial in effect took place when the tender
of the certified copy of the record as filed in the Su-

preme Court was made in the Circuit Court, and its attention called to the same.

We have quoted at length from the record of the proceedings before the Circuit Court on August 5, 1907, and September 16, 1907. We cannot make clearer by any comment the purport or effect of what occurred. It seems to us plain that there was no new trial and no competent evidence for the claimant offered, unless it can be held that the stipulation made in open court before Judge Mack on March 15, 1905, by which a jury was waived and the cause submitted to the Circuit Court without a jury, on the evidence taken in the Probate Court, was in force on August 5, 1907, and September 16, 1907, and applied to a second trial of the action as much as to the first, before which it was made.

The defendant made clear, on these later occasions, his dissent from this theory. He declared that he had not waived a jury for the second trial, and he in effect demanded either a trial *de novo,* without any stipulation on his part as to evidence, or a dismissal of the claim for want of prosecution.

The appellant, however, insists that to withdraw from or render nugatory the stipulation as to the use of the evidence taken in the Probate Court was not within the power of the defendant. The stipulation operated, he says, "as a solemn judicial admission similar to an agreed statement of facts." We cannot so consider it, and must hold that, like the agreement for the waiver of a jury—with which it was coupled in the stipulation—the agreement as to evidence only related to and only was in force during the trial before Judge Mack in March, 1905.

But even were this stipulation in regard to evidence applicable and in force at a second trial, how can it be said that there was any second trial in this cause? It is conceded that the stipulation for the waiver of a jury applied only to the first trial. No jury was actually called on August 5th or September 16th, to which

the cause was submitted on the evidence taken before the Probate Court, or on any other evidence.

The judgment of September 28th, as it appears in the common law record, recites an order that " a jury be called," but it sufficiently appears from the order itself and from the proceedings shown in the bill of exceptions which governs, that no jury actually was called. One was not called because, as the order says, "The plaintiff elected to stand upon the record made and would not offer any evidence upon the trial here."

Thereupon the claim was dismissed at plaintiff's costs. This was a dismissal for want of prosecution, as it appears to us.

But even were the stipulation waiving a jury in force, as well as the stipulation about evidence, there could hardly be said to have been a trial or any evidence offered for the claimant. As we have said, the record in the bill of exceptions speaks for itself. We cannot make it clearer.

It would appear that a motion for judgment without a trial was made by the appellant, on the ground that the decision and opinion of the Supreme Court required it, and that on its denial the appellant refused to offer evidence and declared that because of the denial of the motion there seemed no other course left for the court but a dismissal of the claim, opening the way for an appeal on the claimant's part from what he deemed an erroneous decision. This was not in form, however truly it might be called in essence, a "trial," even taking the most extreme view in favor of the plaintiff's rights, short of holding the decision of the Supreme Court a mandate to enter judgment for him. We cannot regard the general remandment as such a mandate, and we cannot say that an order dismissing the claim was erroneous when, on its being called for trial, the claimant refused to participate in a trial. Is seems anomalous that we should be again affirming a judgment against the claimant in this case when the Supreme Court so clearly expressed its differing view

on the evidence before it from that which we had taken, but we see no escape from it in the present state of the record. The judgment of the Circuit Court is therefore affirmed.

*Affirmed.*