## C. L. Geer, Appellee, v. John L. Chapin, Appellant.

1. BROKERS AND FACTORS—*when commissions earned.* If a real estate agent is the procuring cause of a sale upon the terms which he was authorized to sell, he is entitled to his commission even though he had not disclosed to the owner who was his prospective purchaser.

2. APPEALS AND ERRORS—*when slight errors will not reverse.* Even though slight errors have intervened a reversal will not be ordered if substantial justice has been done.

Appeal from the Circuit Court of Fulton county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the November term, 1910. Affirmed. Opinion filed October 14, 1911.

MARVIN T. ROBISON, for appellant.

M. P. RICE, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought to recover commissions claimed to be due for services rendered in bringing about the sale of real estate. The judgment below was for $129 against appellant.

Geer v. Chapin, 163 Ill. App. 654.

John L. Chapin was the owner of 129 acres of land located in Fulton county, Illinois. Appellee resided in Rogers, Arkansas. In the spring of 1900, appellant listed the tract of land in Fulton county with appellee for sale at $155 per acre, with an agreement that if appellee sold the land he was to receive one dollar per acre commission. Appellee undertook the sale of this land upon those terms. It was priced and shown to various persons and finally it was shown to one Levi Chipman and was priced to him at $157.50 per acre. In attempting to interest Chipman in this property, appellee wrote to appellant informing him that he had listed the land to Chipman at $157.50 per acre, and asked appellant if he would be willing to give appellee as commission all over $155 an acre that he might receive, making the price $155 per acre net to appellant, and if this was satisfactory to reply by two letters, one stating that the least he would take for the farm was $157.50 per acre,—this was for the purpose of being shown to Chipman; the other was a private letter to appellee in answer to his request and stated that he would take $155 net and give appellee all over that as his commission. Appellee did not consummate the sale with Chipman, nor did he inform appellant who his expected buyer was. When Chipman failed to make a purchase through appellee, he then directed a letter to appellant and offered him $155 per acre for the land; this was accepted by appellant and the contract closed. Appellee demanded his commission of $129 which appellant refused to pay.

It is insisted by appellant that his original contract with appellee was that if appellee did not consummate a sale at the price originally agreed upon, then he was to receive no commission and that appellant reserved the right to make a sale himself. Regardless of what the original agreement was, appellant authorized an

increase of the price at which the farm was to be sold, and on such agreement appellee was to receive a greater compensation than that in the original agreement. Appellee undertook negotiations upon these terms and through no fault of his, as the record discloses, Chipman undertook the deal directly with the owner and through him the sale was actually consummated upon the original terms offered to appellee by appellant, and appellant thereby, through the efforts of appellee, secured a sale of his premises at the price and terms originally agreed upon and has derived all the benefits and fruits of the labor of appellee, and appellee is entitled to his commission for such services at the price agreed upon. Scott v. Stuart, 115 Ill. App. 535-39.

The fact that appellee did not notify appellant whom his prospective purchaser was has caused no damage to appellant and was therefore immaterial. Appellant received the price for which he had agreed to make the sale. Rigdon v. More, 226 Ill. 382.

Complaint is made of the rulings of the trial court upon the admission and rejection of evidence, and also upon the instructions given and refused. While there are some inaccuracies in the instructions and some slight errors upon the question of the introduction of evidence and the record is not free from error, there is no error prejudicial to appellant and where substantial justice has been done by a judgment, the judgment should not be reversed upon slight errors which are not shown to have been prejudicial to the party complaining. Jones v. C. & E. I. R. R. Co., 68 Ill. 381.

There being no prejudicial error in this record, the judgment is affirmed.

*Affirmed.*