11527.   GROVE REALTY CO. *v.* FORREST & GEORGE ADAIR.

PER CURIAM.  1. Where an owner of realty lists it for sale with two or more brokers, and A, one of the brokers, finds a customer, shows him the property, and interests him so therein that he (the customer) finally buys it, A is the real procuring cause of the sale, and is entitled to his commissions from the owner, although the deal is actually closed by B, another broker with whom the property is listed, where the only cause inducing the purchaser to close the deal with B, instead of with A, is a reduction of the price by the owner through B, which reduced price A has not been authorized by the owner to offer, and where the owner, before paying a commission to any one, is notified of A's claim to the commissions as being the procuring cause of the sale.  See, in this connection, *Graves* v. *Hunnicutt,* 8 *Ga. App.* 99 (68 S. E. 558), and citations.

2. None of the excerpts from the charge of the court, complained of, when considered in the light of the entire charge and of the facts of the case, requires a reversal of the judgment below.  .

3. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.  Broyles, C. J., and Bloodworth, J., concur.   Luke, J., dissents.*

DECIDED JANUARY 27, 1921.

Complaint; from Fulton superior court — Judge Ellis.   March 19, 1920.                    .

Application for certiorari was denied by the Supreme Court.

*Anderson, Rountree & Crenshaw,* for plaintiff in error.

*Rosser, Slaton, Phillips & Hopkins,* contra.

LUKE, J., dissenting.   I do not agree to the judgment in this case, because, where a principal lists property for sale with several brokers (and with no one of them exclusively), and a sale to the alleged customer of one of them is actually closed by another, the broker claiming to have effected the sale, in order to recover his commissions for so doing, must show not only that during his agency he was the procuring cause of the sale, but also that the principal in some way showed bad faith towards him in the transaction.

*Doonan* v. *Ives,* 73 *Ga.* 295; *Gresham* v. *Connally,* 114 *Ga.* 906; (41 S. E. 42) ; *Floyd* v. *Boyd,* 16 *Ga. App.* 43, 48 (84 S. E. 494). In this case it appears that the principal had no knowledge whatever of the agent's negotiations with his prospective customer until after it had entered into a building contract through another agent to sell the place to that customer. No bad faith is shown on the part of the principal; and it follows, in my opinion, that the verdict in favor of the plaintiff was without evidence to sustain it, and that the judge erred in overruling the general grounds of the motion for a new trial.