### 12195. CRAIGMILES et al. v. STEYERMAN.

A commission on the sale of real estate listed with different brokers and sold by one of them was not recoverable by another, under the facts alleged in the petition.

An allegation that " plaintiff was the procuring cause of the sale " must be treated as a mere conclusion of the pleader, not sustained by the facts stated in the petition.

The petition as amended did not set out a cause of action and the court did not err in dismissing it on general demurrer.

DECIDED MAY 11, 1921.

Complaint from city court of Thomasville — Judge W. H. Hammond. January 4, 1921.

The petition showed substantially the following facts: On or about June 16, 1920, the defendant listed for sale with the plaintiffs a described parcel of land, and contracted with them that if they could sell it so as to procure for him $1,000, they could have any excess of $1,000 as compensation for their services as real-estate brokers. On or about June 17, 1920, and during their agency to sell the land, the plaintiffs procured a prospective purchaser in the person of a Mr. Dekle, priced him the land at $1,200, and took him to it and showed it to him. " Mr. Dekle seemed very much interested in the place and indicated that he would purchase it at the price offered." On the same day that they showed the land to Mr. Dekle they advised the defendant that Mr. Dekle was their customer, that they had showed him over the land and felt sure he would buy it. Mr. Dekle was amply able to buy and pay for the place, and the defendant was perfectly satisfied with him as a customer. On June 19, 1920, the defendant, without notifying the plaintiffs and without revoking their agency to sell the place, and knowing that Mr. Dekle was their customer, sold the place to Dekle for $1,200 and executed to him a warranty deed to it. " Although plaintiff was the procuring cause of said sale, the same was actually effected and the deal finally closed by another real-estate agent, who defendant claimed was H. W. Hopkins, to whom defendant paid $200.00 of the said $1200.00."

The court sustained a general demurrer to the petition as amended, and dismissed it.

*Hay, Joiner & Hammond,* for plaintiff.

*Titus & Dekle,* for defendant.

BROYLES, C. J. (After stating the foregoing facts.) The petition does not show that the property in question was exclusively listed with the plaintiffs. Indeed, construed most strongly against the pleader, the petition shows that the property was listed also with another broker, who sold it and who received the same amount

of money for his commission that the plaintiffs would have received for theirs if they had sold it. The petition shows that the plaintiffs did not sell the property; and the allegation that they were the procuring cause of the sale must be construed as a mere conclusion of the pleader, which is not sustained by the facts stated in the petition. "Where compensation is to be paid to a broker or real-estate agent by way of commissions, the whole service or duty must be performed before any right to commissions arises, unless the act of the principal has prevented the performance of it." *Hyams* v. *Miller,* 71 *Ga.* 608. The petition fails to show any bad faith or interference with the plaintiffs' efforts to sell the property, on the part of the owner. It likewise fails to show that the broker who sold the property did not also show it to Mr. Dekle, or that their (plaintiffs') negotiations with Mr. Dekle were still pending when the other broker effected the sale. In our opinion the petition did not set out a cause of action and was properly dismissed on general demurrer. See, in this connection, *Doonan* v. *Ives,* 73 *Ga.* 295. The cases of *Graves* v. *Hunnicutt,* 8 *Ga. App.* 99 (68 S. E. 558), *Brown* v. *Stokes,* 25 *Ga. App.* 254 (103 S. E. 423), and *Grove Realty Co.* v. *Adair,* 26 *Ga. App.* 220 (105 S. E. 735), are easily distinguishable by their facts from the instant case.

*Judgment affirmed. Bloodworth, J., concurs. Luke, J., disqualified.*