### 14017.  NICHOLSON *v.* SMITH & SON.

BROYLES, C. J.   1.   " Where property has been listed for sale with two or more real-estate brokers, and one of them, with the knowledge of the owner, has interested a customer in the purchase, and, while negotiations with the broker are still pending, the owner proceeds to close the sale with the same customer through another broker, the latter being the first to present the customer as ready, able, and willing to buy, and actually offering to buy, at the price and on the terms stipulated by the owner;  and where the owner, pending such negotiations, has committed no act of bad faith, the efforts of the broker thus actually closing the trade cannot be regarded, as a matter of law, as the procuring cause of the sale, so as to exclude the claim of the other broker against the owner for commissions.   In such a case the owner must proceed at his peril, in effecting the sale and paying the commissions to the broker thus closing the sale." *Gresham* v. *Lee,* 152 *Ga.* 829 (1, 2) (111 S. E. 404).

2.   " Where the services of a broker, as well as those of another broker, have conjointly contributed to the successful termination of negotiations resulting in the sale of real estate for an owner, the question which of the brokers is entitled to commissions from the owner for effecting such sale depends upon whose efforts were the primary, proximate, and procuring cause of the sale negotiated.   The broker whose services and efforts were the primary, proximate, and procuring cause of the sale would be entitled to the commissions. Beougher *v.* Clark, 81 Kans. 250 (106 Pac. 39, 27 L. R. A. (N. S.) 198);  Votaw *v.* McKeever, 76 Kans. 870 (92 Pac. 1120).  .  .   Under such circumstances it becomes a question of fact as to which broker was the proximate, predominating, and procuring cause of the sale.   Murray *v.* Currie, 7 Car. & P. 584, 2 Eng. R. C. 527." *Gresham* v. *Lee,* supra.

3.   " Where a broker for the sale of property notifies the owner that he has a customer, and introduces such customer to the owner, and where the negotiations between such broker and such customer are pending and have not fallen through, the owner cannot, with the knowledge of the facts, complete the purchase through another agent and avoid his liability for the commission due the first broker.  Beougher *v.* Clark, 81 Kans. 250 (supra);  Jennings *v.* Trummer, 52 Ore. 149 (96 Pac. 874, 23 L. R. A. (N. S.) 164, 132 Am. St. R. 680);  Day *v.* Porter, 161 Ill. 235;  Rigdon *v.* More, 226 Ill. 382 (80 N. E. 901).   The law will not permit one broker who has been entrusted with the sale of land, and is working with a customer whom he has found, to be deprived of his commission by another agent stepping in and selling the land to the customer so found by the first broker." *Gresham* v. *Lee, supra.*

4. Under the above rulings and the facts of the instant case, the verdict in favor of the plaintiff was authorized by the evidence.

5. In the absence of a timely written and appropriate request, it was not error for the court to fail to instruct the jury as to what would render a real-estate broker the "procuring cause of the sale."

6. None of the remaining grounds of the amendment to the motion for a new trial shows reversible error.

    *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
       DECIDED JANUARY 11, 1923.

Complaint; from Fulton superior court — Judge Bell. September 18, 1922.

*Smith, Hammond & Smith, J. M. B. Bloodworth,* for plaintiff in error.

*Etheridge, Sams & Etheridge,* contra.