27406.  WILHARBLA REALTY COMPANY *v.* CARRINGTON.

DECIDED MAY 3, 1939.  REHEARING DENIED JULY 15, 1939.

*Spence & Spence,* for plaintiff in error.

*James C. Grizzard, Thomas Howell Scott,* contra.

FELTON, J.  Rudolph Carrington, doing business as Carrington Realty Company, sued out an attachment against Wilharbla Realty Company, the declaration in attachment alleging substantially that Wilharbla Realty Company was a non-resident of the State of Georgia; that it was the owner of certain improved real property in Atlanta, Georgia; that plaintiff in attachment was in the general real-estate business and was duly licensed by the State to carry on said business; that defendant listed the above property with petitioner for the purpose of securing a lessee for said property; that on or about March 19, 1937, petitioner, having previously been authorized by the defendant, the authorization having been given orally by the Atlanta agent of the defendant having charge of the business and property of the defendant in Atlanta, entered into negotiations with Hubert and Earline Gilbert, doing business as the Gilbert Hotels, for the purpose of inducing them to lease said property; that on or about May 25, 1937, the Gilbert Hotels submitted to petitioner an offer to lease the said property, the offer being substantially as follows:  "25% of the gross receipts with a minimum guarantee of $650 per month for the first three years; $700 for the next three years; $750 for the next four years; owners to take care of the exterior of the building and finance the installation of an elevator and pay one third of the cost of the elevator;" that after this offer had been transmitted to the defendant by plaintiff, William H. Black, president of said defendant corporation, came to Atlanta and the offer was handed to him in person while he was acting as agent of defendant, and the offer was left in the possession of the defendant; that at the time of the meeting of petitioner and Black, Black, acting as agent for and as president of the defendant corporation, stated to petitioner that he would not lease the property for less than $900 per month, and that the lessee would have to put up $5000 to guarantee the lease;

that on or about September 24, while negotiations were still pending between the Gilbert Hotels and petitioner, and with knowledge of defendant that said negotiations were still pending, defendant entered into a contract of lease with the Gilbert Hotels through Adair Realty and Loan Company, the terms of the lease being substantially as follows: "$650 per month for the first year; $650 per month and 30% of the gross receipts in excess of $26,000 for the second year; $700 per month and 30% of the gross receipts in excess of $28,000 for the next eight years; lessor to pay one half of the actual cost of an elevator provided that the one half of the cost shall not exceed $3750;" that although the petitioner was the procuring cause of the contract of lease, defendant negotiated the lease through Adair Realty and Loan Company for the purpose of fraudulently and maliciously depriving petitioner of its lawful fees and commissions for its services in procuring said lessee; that the commission to which petitioner is entitled is the first month's rent and five per cent. of the monthly collections for the remaining months of the lease, as set out in the rates, rules, and customs of the Atlanta Real Estate Board of Atlanta, Georgia.

To the declaration as amended the defendant filed general and special demurrers substantially as follows: that the petition fails to state a cause of action against the defendant; that there is nothing in the petition which shows that the agent of the defendant in Atlanta had any authority to make any contract of lease of the property of the defendant; that the offer alleged to have been submitted to defendant does not appear to be an unconditional offer; that it does not appear that any unconditional contract in writing was ever tendered defendant; that the terms of the contract stated by Black do not constitute any part of the contract attempted to be sued on in this case; that it is not shown in the amended declaration that defendant did not have a perfect legal right to enter into any leasehold agreement, because it is not shown that the agreement violates any contract existing between defendant and petitioner, and because the lease set out shows on its face that the terms are different from those mentioned in the offer which plaintiff claims the Gilbert Hotels made through him; that paragraph 10 of the declaration does not set forth any contract between plaintiff and defendant agreeing to pay any commission, nor is there any law in Georgia fixing any sum as lawful commission, and be-

cause the rules of the Atlanta Real Estate Board are not shown to be binding upon the defendant. The court overruled all the demurrers, and the defendant excepted.

■ Though the plaintiff in error contends to the contrary, we think the case at bar is analogous to and controlled by *Gresham* v. *Lee,* 152 *Ga.* 829 (111 S. E. 404). The petition in the case sub judice alleges employment, the procuring of a prospective tenant, pendency of the negotiations, the closing of the rental contract by another broker while negotiations with the prospective tenant were in progress and known to the owner of the property. It further alleges that the leasing of the property through another agent was done in order to defraud petitioner. The tenant with whom the lease was made was the same party with whom petitioner had been dealing, so it was not necessary to allege that petitioner had a tenant who was ready, willing, and able to execute the lease contract, since the contract was actually executed. *Gresham* v. *Lee,* supra, holds that where the property has been listed for sale with two or more brokers, and one of them, with the knowledge of the owner, has interested a customer in the purchase, and while negotiations with the broker are still pending, the owner proceeds to close the sale with the same purchaser through another broker, the latter being the first to present the customer as ready, willing, and able to buy, and actually offering to buy, at the price and on the terms stipulated by the owner; and where the owner, pending such negotiations, has committed no act of bad faith, the efforts of the broker closing the trade can not be regarded, as a matter of law, as the procuring cause of the sale, so as to exclude the claim of the other broker against the owner for commissions. In such a case, the owner must proceed at his peril in effecting the sale and paying the commissions to the broker thus closing the sale. It is a question of fact as to which broker was the procuring cause of the sale, and therefore entitled to the commissions. The cases dealing with situations like the one at bar are collected in this case. Plaintiff in error, in its brief, says that this case is different from the case at bar for that in the *Gresham* case negotiations were still pending with the full knowledge of the owner, and that the negotiations had proceeded to the point where the purchaser was actually offering to buy on the terms of the owner. In the case at bar there is an allegation that the negotiations were

still pending and that the owner had knowledge thereof. There is also an allegation that there was a lease tendered the owner and refused, and that the lease finally executed was substantially the same as that tendered by defendant in error and refused by the owner.

It appears from the brief of counsel for plaintiff in error that there are several allegations in the declaration which are denied by it. We are not here concerned with these denials, because, for the purposes of demurrer, all the allegations of the petition are admitted to be true.

Counsel for plaintiff in error cite *Jordan* v. *Dolvin Realty Co.,* 54 *Ga. App.* 472 (188 S. E. 304) as authority for the proposition that the whole service or duty must be performed by the broker before any right to commission arises. That case is distinguishable from the case here, for in that case there had been an exclusive agency which was revoked before the closing of the sale, and the uncontradicted evidence was to the effect that the efforts of the broker seeking to collect the commission were not the procuring cause of the sale, but that he himself stated that he was unable to put the sale over. The case of *Craigmiles* v. *Steyerman,* 27 *Ga. App.* 14 (107 S. E. 386), cited by the plaintiff in error is not in point because in that case there was no allegation to the effect that negotiations were still pending when the sale was closed.

Nor do we think the contention that since the terms of the rental contract actually executed were different from those of the contract tendered by the defendant in error it would preclude a recovery, is good. As a matter of fact, the terms of the contract that was executed were different from the terms which the owner said it would be willing to accept. It has been held that where the owner of real estate closes a deal with a customer of a real-estate agent, through another agent, at a lower price than was named to the first agent, while the latter's authority is unrevoked, and he is still working with the customer at the price named to him, he must pay the agent the commission. *Gresham* v. *Lee,* supra; Hogan *v.* Slade, 98 Mo. App. 44 (71 S. W. 1104) ; *Grove Realty Co.* v. *Adair,* 26 *Ga. App.* 220 (105 S. E. 735). From a study of the authorities cited in *Gresham* v. *Lee,* supra, it seems to us that the question to be decided in a case of this kind is whether the efforts of the broker seeking to collect commissions were the proximate and procuring

cause of the sale, and this question is usually one for the jury. *Doonan* v. *Ives,* 73 *Ga.* 295. The case at bar is stronger than any of the cases cited herein, or in the briefs of counsel, for not only is it alleged in the declaration that negotiations were still pending with knowledge of the owner, but it is also alleged that the lease was made through another broker for the purpose of defrauding defendant in error. The declaration as amended set out a cause of action, and the court did not err in overruling the general demurrer to it.

The demurrer to paragraph 10 of the declaration should have been sustained, for it does not appear that there was a contract between the plaintiff in error and the defendant in error whereby the plaintiff in error agreed to pay the scale of commissions set up by the Atlanta Real Estate Board, nor does any reason appear why the plaintiff in error should be governed by the rules of the Atlanta Real Estate Board.

*Judgment affirmed in part and reversed in part. Stephens, P. J., and Sutton, J., concur.*