## 32996. GILMER *v.* CARNES.

DECIDED MAY 5, 1950.

558

*Wright, Rogers, Magruder & Hoyt, Dudley Magruder Jr.,* for plaintiff.

*Henry J. Fullbright Jr.,* for defendant.

FELTON, J. An owner who has placed his property in the hands of a broker for sale cannot defeat the obligation to pay a commission to such broker by selling the property through another broker, knowing that the purchaser was procured by the first broker and that negotiations between the two were still pending. *Gresham* v. *Lee,* 152 *Ga.* 829 (111 S. E. 404); *Doonan* v. *Ives & Krouse,* 73 *Ga.* 295. In a suit for the recovery of such commission the first broker need not allege that he had a purchaser who was ready, willing and able to buy the property, as the property was actually sold to that purchaser. *Wilharbla Realty Co.* v. *Carrington,* 60 *Ga. App.* 353, 355 (3 S. E. 2d, 785). The defendant's demurrers do not point out a single defect in the plaintiff's amended petition. It alleges an agreement between the plaintiff and the defendant to sell the property at a stipulated price of $21,750; the procurement of a prospective purchaser of the property; the continued negotiation of the plaintiff with such prospect up to the time of the sale of the property to such prospect by another broker; the knowledge of the defendant that such negotiations were pending; written notice to the defendant almost three weeks prior to the sale that the plaintiff considered himself the procuring cause of the sale if the defendant effected the sale to the prospect through another broker; an agreement between the defendant and the selling broker to defraud the plaintiff of his commissions; and the actual sale of the property through another broker at the same price stipulated between the plaintiff and the defendant as the sale price. The defendant in error contends that the listing of the property with the plaintiff was not an exclusive one and that therefore the owner could sell the property himself. While it is

true that an owner may sell his own property if the listing of this property with a broker is not an exclusive listing, the owner may not, without being liable for broker's commissions, sell such property to a purchaser with the knowledge that the purchaser had been procured by the acts of the broker claiming commissions. *State Life Insurance Co.* v. *Whitehurst,* 67 *Ga. App.* 646,648 (21 S. E. 2d, 474). The plaintiff alleges that the sale of the property by the defendant to the selling broker for $21,000 and the sale of the property by such broker to the church the same day for $21,750, the sale price agreed to between the plaintiff and the defendant, amounted to a sale of the property to the church by the defendant through the selling broker with a commission of $750 to the broker, the same commission as agreed to between the plaintiff and the defendant. A jury might be authorized to find such to be the truth of the case. The plaintiff alleges his own labor and efforts to be the procuring cause of the sale of the property, but if in fact his efforts were not the procuring cause of the sale, the defendant will have an opportunity of so showing, in the trial of the question of who was the procuring cause of the sale, the question being one for a jury. *Nicholson* v. *Smith & Son,* 29 *Ga. App.* 376 (115 S. E. 499). *Jordan* v. *Dolvin Realty Co.,* 54 *Ga. App.* 472 (188 S. E. 304), is distinguishable from the case at bar, for in that case there had been an exclusive agency which was revoked before the closing of the sale, and the uncontradicted evidence was to the effect that the efforts of the broker seeking to collect the commission were not the procuring cause of the sale, but that he himself stated that he was unable to put the sale over. The allegations of the petition contended by the defendant to be conclusions of the pleader are allegations of fact and the special demurrers thereto are without merit.

Each count of the petition sets out a good cause of action, and the court erred in sustaining the demurrers thereto.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*