### 33760. MAY *v.* SIBLEY.

DECIDED JANUARY 17, 1952—REHEARING DENIED MARCH 7, 1952.

*John Wesley Weekes, Herbert J. & Joseph F. Haas,* for plaintiff in error.

*Alston, Foster, Sibley & Miller, McCurdy & Candler,* contra.

GARDNER, J. ■ As to the general grounds, the jury would have been authorized to find for the defendant under the sharply conflicting evidence, particularly those parts which would have authorized it to find that it was only through the efforts of Mr. Baldwin and others working in connection with him that an arrangement was worked out with the City of Atlanta, whereby the purchaser's former property, which was to be condemned by the city for street improvements, was purchased by the city, the proceeds being used by the Hastings Company to consummate the purchase of the defendant's property. However, the point at issue was, who was the proximate, procuring cause of the sale, the plaintiff or the broker through whom the sale was finally closed? And this being a question of fact for the jury, under proper instructions from the court, its finding as it did, being equally authorized by the evidence, will not be reversed by this court.

For a statement of the law governing this case, see *Doonan* v. *Ives & Krouse,* 73 *Ga.* 295; *Gresham* v. *Lee,* 152 *Ga.* 829 (111 S. E. 404); *Gilmer* v. *Carnes,* 81 *Ga. App.* 555 (59 S. E. 2d, 292).

■

546

Special grounds 8 through 11—which are substantially elaborations of the general grounds—assigning error on various excerpts from the charge, we have considered carefully and find no error in them, all being abstractly correct statements of the law governing the issues involved in this case, as ruled in the cases cited in division 1, above, and adjusted to the evidence. While the plaintiff did not allege in so many words that the sale through him was "prevented" by the defendant's selling through another broker, he did allege, and his evidence authorized the jury to believe, that, as contended, his efforts were the proximate cause of the procuring of the customer, who actually bought, though through another broker.

It is never error to refuse to direct a verdict. See *Roberts v. Groover*, 161 *Ga.* 414 (131 S. E. 158).

Special grounds 1 through 6 assign error on the refusal to give requests to charge. We have examined these grounds carefully and find no error in the judge's refusal. Where the charge given sufficiently covers the principles requested, it is not error to refuse the requests. *Southern Ry. Co.* v. *Florence*, 81 *Ga. App.* 1 (57 S. E. 2d, 856).

Nor is it error to refuse a request not entirely abstractly correct, or not adjusted to the evidence.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*