## J. F. McGuire v. John M. Carlson, doing business as John M. Carlson & Co.

1.  REAL ESTATE BROKER—*When Entitled to Commissions.*—If for any fault of the principal a sale is not effected to the person who has been introduced to him by his broker, he is still entitled to commissions if he found and presented a customer able, ready and willing to purchase upon the given terms.

2.  SAME—*Owner May Employ Two or More.*—Unless he specially agrees not to do so an owner may employ two or more brokers, and in such case it is the broker who is the efficient cause of the sale who is entitled to commissions, and his right is not affected by the fact that he sells to one whose attention to the property had before been called by another broker.

3.  SAME—*Which One is Entitled to Commissions.*—It is not the broker who first speaks of the property, but he who is the procuring cause of the sale who is entitled to the commissions.

4.  SAME—*Rights of the Party Selling.*—The party selling, where several brokers have been employed, may, in the absence of collusion on his part, pay the commissions to the agent through whose instrumentality the sale was brought about, without inquiry as to whether some other broker may have had something to do with effecting the sale.

5.  EVIDENCE—*Purchaser's State of Mind.*—In determining the question as to which one of two brokers effected a sale, it is proper to show by the purchaser what was the state of his mind regarding the purchase of the property after he left the broker claiming the commissions.

**Assumpsit,** for broker's commissions. Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed December 12, 1895.

### STATEMENT OF THE CASE.

This was a suit brought before a justice of the peace to recover commissions claimed to be due appellee as a real estate broker, on the sale of property at Rogers Park, owned by the wife of appellant and listed with George C. Moore, the local employe or agent of appellee at Rogers Park, by appellant, who told Moore the property was his. The premises in question were also placed on sale with F. H. Doland & Co., a firm of real estate brokers of which L. H. Jennings was a member, and Mr. Markey was local agent, keeping their office at Rogers Park.

HENRY HIESTAND, attorney for appellant, contended that it matters not how slight his services had been, or how great his exertions, the broker can only recover when the sale resulted from them. 2 Am. & Eng. Enc. of Law, 582.

The purchaser had concluded not to purchase, and there is no evidence that appellee induced him to change his mind, but positive proof that the other broker did; appellee is therefore not entitled to commissions. Mears v. Stone et al., 44 Ill. App. 444; Earp v. Cummins, 54 Pa. St. 394; Chandler v. Sutton, 5 Daly 112; Wylie v. Marine Bank, 61 N. Y. 415.

Where the efforts of a broker do not effect a sale, and after the proposed purchaser has decided not to buy, other parties induce him to buy, the broker will not be entitled to commissions. Carlson v. Nathan, 43 Ill. App. 364; Davis v. Gassette, 30 Ill. App. 41; Doonan v. Ives, 73 Ga. 295.

Merely putting a purchaser on the track is not equivalent to presenting him to the seller so as to entitle the broker to a commission. Sievers v. Griffin, 14 Ill. App. 63; Metzen v. Wyatt, 41 Ill. App. 487; Sussdorf v. Schmidt et al., 55 N. Y. 320.

MARCUS W. RUSS, attorney for appellee; PARTRIDGE & PARTRIDGE, of counsel.

To determine which of the several brokers is entitled to the commission, is a question, in many cases, of no little

difficulty.   Where neither broker had knowledge of the employment of the others, it would seem that the ordinary rule applicable to the case of the employment of a single broker would apply, *i. e.*, that the broker who was the efficient cause of the sale is entitled to the commissions, and that this right can not be affected because the principal in person, or by another agent, takes into his own hands and completes the transaction which the broker has inaugurated. Mechem on Agency, Sec. 969; Reynolds v. Tompkins, 23 W. Va. 229.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The question here presented is, was the plaintiff the procuring cause of the sale? Preliminary to this is, of course, was the plaintiff employed to make the sale?

There is as to the matters that bear upon these questions no contradictory evidence.

The issue is thus made one of law.

A broker must first be employed; having been engaged, the utmost good faith must be exercised by him and his principal in their relations to each other.

That the plaintiff was engaged to make a sale of the premises for $6,000, is undisputed.

A sale was made by the principal for $5,600 to a person whose attention to the property was first called by the plaintiff.   It is not claimed that the reduction in price was made by the principal for the purpose of depriving the plaintiff of his commissions.

As to the right to commissions under such circumstances, the cases of McArthur v. Slauson, 53 Wis. 41, and Mansell v. Clements, 9 L. R., C. P., 138, are not in harmony.

If for any fault of the principal a sale is not effected to the person who has been introduced to him by his broker, he is still entitled to commissions if he found and presented a customer able, ready and willing to purchase upon the given terms.   Mechem on Agency, Sec. 966–967.

In the case at bar the plaintiff showed the house to Mr. Spencer, offering it to him for $6,000.

It was proper upon the trial to ask Mr. Spencer questions as to the state of his mind after he left the plaintiff, concerning the purchase of the house. Mansell v. Clements, 9 L. R., C. P., 138.

In response to such question he answered : " When I left Mr. Moore my thought was not to purchase the property. Did not see Mr. Moore again. I was in a quandary whether to purchase or rent, but I had practically abandoned the idea of purchasing that property."

It is manifest that the plaintiff did not, at the only time he saw or communicated with Mr. Spencer, procure a customer ready or willing to purchase.

Nor is there any evidence tending to show that Mr. Spencer would have purchased, had no further effort to sell to him been made by any one.

Another real estate agent, Mr. Jennings, invited Spencer to look at property. As to this he testified : " Mr. Markey and Mr. Jennings drove me around in the park and we looked at several residences. We looked at three or four homes with reference to renting. Afterward, in driving past the McGuire house, or while approaching the McGuire house, Mr. Jennings said, 'There is a good residence; that is a well built house.' I said, 'Yes, I have seen that.' Said he, 'Would you care to go in and look at it again ?' I said, 'No, I think not; I have seen it; I looked at it twice; looked at it thoroughly. The price is a little beyond what we want to pay;' and so we drove past it and did not stop there. We made another circuit of the streets and came around and again approached it; drove toward the house on Touhy avenue, as I remember it, and Mr. Jennings suggested that I go in and look at it. I said, 'I have been in already; I don't wish to impose upon those people by looking in so many times.' Well, he said that would be all right, so we went in once more and I looked through the house again with reference to points that I had not looked at before; for instance, the finish of the woodwork, and so on, and that practically wound up the day's work."

Q. Did Mr. Jennings suggest any points of advantage in it ?

A. Yes, Mr. Jennings revived the idea of my purchasing the property. He pointed out advantages which Mr. Moore had not. Mr. Moore dwelt upon the superior construction of the building, upon the workmanship, the hardware and gas fixtures, and all that sort of thing; while Mr. Jennings pointed out the advantages in the way of a residence, the restrictions that were upon that part of the property, that part of the place; for instance, the limit as to the expense of building, and so on, so that the idea of purchasing it was revived in my mind. He spoke of the sewerage which I had not learned of before, and some other things; that gas would soon be put in, he expected, and so on; but what more than all else revived the idea of purchasing was that he suggested that less than $6,000 might buy it.

Q. When you left Mr. Moore you felt you did not want the property? Was that the case? A. Yes, sir; that is, I liked the property; the property suited me except the matter of price.

Q. Those advantages you say? A. The advantages. Mr. Jennings pointed out a number of additional advantages which had not been called to my attention, and that, together with his intimation that less than $6,000 would buy it, revived the idea of purchasing it in my mind.

Q. And you went and completed the purchase through Mr. Jennings, F. H. Doland & Co.? A. Yes, sir.

Afterward, Mr. Spencer met the defendant at the office of Mr. Jennings, wrote out a proposition to buy at the sum of $5,600, which the defendant accepted. As to this, Mr. Spencer says, " The conversation between Mr. McGuire and myself was very brief. We passed the compliments of the day, and he accepted my proposition. There was very little said. There was no negotiation passed between Mr. McGuire and myself."

It is clear that Jennings, and not the plaintiff, was the procuring cause of the sale.

Unless he specially agrees not to do so, an owner may employ two or more brokers; in such case it is the broker who is the efficient cause of the sale who is entitled to com-

missions; and this right is not affected by the fact that such broker sells to one whose attention to the property had before been called by another broker.    It is not the broker who first speaks of the property, but he who is the procuring cause of the sale, be he the first or second who engaged the attention of the purchaser.    Mechem on Agency, Sec. 969; Vreeland v. Vetterlein, 33 N. J. L. 247; Sibbald v. The Bethlehem Iron Co., 87 N. Y. 378.

The party selling, where several brokers have been employed, may, in the absence of all collusion upon his part, pay to the agent through whose instrumentality the sale was brought about, without inquiry as to whether some other broker may not have had something to do with effecting the sale.    Vreeland v. Vetterlein, *supra;* Glenn v. Davidson, 37 Md. 365; Eggleston v. Austin, 27 Kan. 245.

The defendant appears to have acted in good faith, and there is no reason why he should be subject to the payment of double commissions.

The judgment of the Circuit Court is reversed and the cause remanded.