FREDERICK F. DAY

*v.*

HIBBARD PORTER *et al.*

*Filed at Ottawa May 12, 1896.*

1. EVIDENCE—*effect of permitting a leading question.* It is not an abuse of the discretion of a trial court to permit a question otherwise proper to be put in a leading form.

2. SAME—*conflicting claims of brokers to commission—competency of evidence.* In a suit for services rendered by brokers in a sale of real estate which was actually concluded by another broker, an unqualified question to the purchaser as to whether he *would have bought the property through the plaintiffs,* is properly excluded.

3. SAME—*claim for broker's services—negotiations of second broker are incompetent.* Inquiries as to details of negotiations by a second broker employed to sell property, and who does sell it to a purchaser found by brokers formerly employed, are not competent in a suit by such former brokers for compensation.

4. INSTRUCTIONS—*omissions in, cured by others of the series.* Omissions in instructions which are supplied by other instructions of the series are deemed cured.

*Day* v. *Porter,* 60 Ill. App. 386, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

HOYNE, FOLLANSBEE & O'CONNOR, for appellant:

The broker must bring together the minds of the seller and purchaser to an agreement on the proposed terms of

sale. He is not required to do more than this, but this much he must do in all cases before he is entitled to recover. *Sibbald* v. *Iron Co.* 83 N. Y. 378.

The duty of the seller, in the case of the employment of two or more brokers, should be fulfilled when he remains neutral between them, and accepts the first offer that is made. *Vreeland* v. *Vetterlein*, 33 N. J. L. 247; *Glenn* v. *Davidson*, 37 Md. 365; *Eggleston* v. *Austin*, 27 Kan. 247; *Wylie* v. *Bank*, 61 N. Y. 415.

ALBERT C. BARNES, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellees recovered a judgment for services performed, as real estate brokers, for appellant in negotiating a sale of real estate on Wabash avenue, in the city of Chicago, and the Appellate Court has affirmed the judgment.

The facts, as adopted by the jury and settled by the judgment of affirmance, are as follows: Plaintiffs were employed by defendant to find a purchaser for the property in question, and the price named by him was $40,000. They secured a prospective purchaser in the person of David E. Corneau, and in the latter part of May, 1890, William P. Porter, one of the firm, submitted to defendant an offer of $35,000 on behalf of such purchaser. The offer was declined, but negotiations were continued, and Corneau afterwards offered $40,000, when defendant raised the price to $45,000. Subsequently Corneau offered $45,000, and defendant again raised the price and placed it at $50,000. These negotiations covered the latter part of May and the month of June up to the 25th or 26th. Corneau had not abandoned the idea of buying the property, but was considering the matter up to June 30, when defendant met him in the office of Walter H. Wilson, another real estate broker, and learned from him that he

was the person who had been negotiating for the property through the plaintiffs. Defendant then wrote a letter to plaintiffs that he had given .Wilson the exclusive agency of the property, and on the same day he concluded a bargain with Corneau, by which the property was sold for $50,000.

Corneau, when examined as a witness, was permitted to state, against the objection of defendant, that he had the purchase of the property under consideration up to the time he closed the bargain, and had not abandoned the idea of buying it. The principal objection seems to have been that the question asked was a leading one, and it was, perhaps, somewhat objectionable in that respect. But it was proper that the witness should state the fact, which was a material one, and there was no abuse of the discretion allowed to the trial court in permitting the question to be asked in a leading form.

The court sustained an objection to a question asked of Corneau by defendant as to whether he would have bought the property through the plaintiffs. The parties to the suit are agreed that a broker, unless wrongfully prevented by his principal, must bring about an agreement in order to be entitled to his commission, and that the principal may employ several brokers to sell the same property, and may sell to the buyer who is first procured by any of them, without being called upon to decide which of the brokers was the primary cause of the sale, provided he remains neutral between them and is not guilty of any wrong. The evidence in this case tended to show that defendant was not neutral or fair as between the brokers. He testified that he had received valuable information from Wilson and had promised him to make the sale of the property through him if he could, and that he told one of the plaintiffs in one conversation that if he should make a sale he should want to make it through Wilson, on account of the valuable information he gave. It looks as though he was trying to carry out

that arrangement and compensate Wilson for his valuable information by unfair means.   The question to Corneau was doubtless designed to show that plaintiffs could not have brought about an agreement with him, but it was not sufficiently qualified to be competent.   What he would or would not have done with respect to buying the property through the plaintiffs, after the interview in Wilson's office and the writing of the letter by defendant giving Wilson the exclusive sale, could not affect plaintiffs' rights.

The court also excluded testimony as to the circumstances under which the property was sold to Corneau, and what offers, inducements and propositions were made by Wilson to bring about the sale.   These matters were immaterial to the issue being tried between the parties to this suit, and the evidence was incompetent.

The instructions given to the jury were in harmony with the rules of law as contended for by both parties. Complaint is made that in some instructions given at the request of plaintiffs there was an omission; but if so, it was fully met by the second instruction given on behalf of the defendant, which was as follows:

"You are instructed that even if you believe, from the evidence in this case, that the defendant placed the property in question in the hands of the plaintiffs for sale, and further, that the plaintiffs commenced negotiations with a party who subsequently purchased the property, still you will find for the defendant unless you also believe, from the evidence in this case, that the plaintiffs actually brought about a consummation of the sale, or were prevented from so doing by the fraud, procurement or misconduct or fault on the part of the defendant."

There is no just ground for complaint on account of the rules of law given to the jury in the instructions.

The judgment will be affirmed.

*Judgment affirmed.*