Rigdon v. Estate of William W. Strong.

## Charles W. Rigdon v. Estate of William W. Strong, deceased.

### Gen. No. 12,606.

1. REAL ESTATE COMMISSIONS—*abandonment destroys right to.* A real estate broker who abandons his effort to consummate a sale thereby loses his right to commissions upon a sale finally made by the owner.

2. REAL ESTATE COMMISSIONS—*who entitled to, as between several claimants.* In the absence of agreement to the contrary, two or more brokers may be employed by the owner at the same time to make a sale, and, in that contingency, the broker who is the efficient cause of bringing about the sale is the one entitled to the commissions, notwithstanding another broker may have called the purchaser's attention to the property.

Contested claim in court of probate. Appeal from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed October 8, 1906.

WOOD, FYFFE & ADCOCK, for appellant; COLIN C. H. FYFFE and EDMUND D. ADCOCK, of counsel.

BULKLEY, GRAY & MORE, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is a claim originally filed in the Probate Court of this county against the estate of William W. Strong, deceased, by appellant, Charles W. Rigdon, for $10,625, claimed to be due him as a real estate commission for being instrumental in procuring the sale of the Owings Building in Chicago to Cyrus H. McCormick for the consideration of $425,000.

A trial was had in the Probate Court resulting in a finding against Rigdon and a disallowance and a dismissal of his claim. Rigdon perfected an appeal from this judgment and finding of the Probate Court to the Circuit Court, where by agreement the cause was

tried before the court without a jury upon the evidence given and heard on the trial in the Probate Court.

The Circuit Court also disallowed the claim and gave judgment against Rigdon for costs. In an endeavor to reverse the finding and judgment of the Circuit Court Rigdon prosecutes this appeal.

Appellant's counsel state the question before the court on this appeal to be: "Whether there is in the record any evidence to prove a liability on the part of Strong growing out of the purchase of the property known as the 'Owings building' by Cyrus H. McCormick." We are content to ground our decision on a solution of this question.

The proof of Rigdon rests upon the testimony of Fetzer and Peters. Strong having died, Rigdon was disqualified from testifying upon the trial, so that the facts within the knowledge of the interested parties cannot be gleaned from them. Fetzer testifies that he was agent in charge of the real estate business of Cyrus H. McCormick, that Rigdon first called his attention to the Owings building, although many real estate men had talked with him about it. Rigdon went over the building with Fetzer so that Fetzer, as he states, might "see the character of its construction, the lay of the offices and the things of that kind, to impress upon my mind the rental value of it, from which we expect to get our returns." R. p. 34. This was in the fall of 1897. Fetzer thereupon took the matter up with McCormick and with Butler, McCormick's business manager. Fetzer went with Rigdon once to call upon Strong, but did not find him. Fetzer made several offers to Rigdon, none of which was accepted. Fetzer's talks with Rigdon were between the fall and the month of December, 1897, after which time Fetzer did not know of Rigdon's doing anything in the matter. This is the substance of Fetzer's testimony. The conveyance by Strong and his wife of the Owings building was made by deed dated March 8, 1898. The sale was actually consummated by the witness Ed-

ward H. Peters, who was connected in so doing with Fetzer.

Peters testified that when he saw Strong about a sale to McCormick he said, "that deal belonged to Mr. Rigdon with the McCormicks, and that if the McCormicks bought the property he would have to protect Mr. Rigdon in the commission." The date of this conversation Peters fixes as January, 1898. On cross-examination Peters testifies: "I negotiated the sale of this property for Mr. Strong with Mr. Fetzer and was paid a commission for it. I was engaged in that off and on from early in January until the sale went through. I went back and forth between Fetzer and Strong a great many times with reference to details." (A. p. 11.) It will be seen from the foregoing that the record is barren of any evidence of any actual dealings between Rigdon and Strong in relation to this property, or anything else, or of any offers made by McCormick or Fetzer, his agent, which were by Rigdon communicated to Strong, and the whole of Rigdon's case virtually rests for its support in the statement which Peters testified Strong made to him about protecting Rigdon's right to a commission in the event of a sale to McCormick. This falls short of containing elements sufficient to sustain even an implication of a contract of employment by Strong of Rigdon to negotiate a sale of the Owings building to McCormick for $425,000 or any other sum, either in cash or real estate or partly in both.

The status of the relations between Strong and Rigdon at the time Peters called upon Strong when he made the statement attributed to him by Peters in relation to payment of commissions to Rigdon, does not appear; neither does it appear that Rigdon ever made an offer of any character to Strong on behalf of McCormick for the property at any time. If Rigdon was engaged in negotiating a sale prior to January, 1898, the record is silent as to any cause or reason why

he discontinued further effort in an endeavor to consummate a sale.

Giving to the statement of McCormick to Peters as liberal an interpretation of which the language used is susceptible, the subsequent actions of Peters and Strong in relation to the property, the negotiation of its sale claimed to have been made by Peters through his efforts, he acting also as the intermediary between Fetzer and Strong, his claim to the commission on the sale, and its payment to him by Strong, renders the evidence of Peters, when taken together, in all its parts, contradictory of and overcoming any presumption which can be said to arise from the bare and unexplained statement made by Strong in January, to the effect that the commission on any sale made to the McCormicks would belong to Rigdon. This evidence utterly fails to show that Rigdon was the efficient procuring cause of the sale to McCormick. That Peters, after Rigdon had abandoned any further action in the matter, prosecuted negotiations for a sale between Strong and McCormick and brought them to a successful culmination, is abundantly proven by Peters' evidence given at the instance of Rigdon, and is conclusive against the claim now made by Rigdon. Rigdon has failed, first, to prove any contract of employment by Strong to sell the Owings building, and second, that he ever produced a buyer ready and willing to make the purchase upon terms acceptable to Strong. Lawrence v. Rhodes, 188 Ill. 96.

Whether Rigdon was a volunteer in his interviews with Fetzer or not, it is evident from his inaction that he abandoned further effort more than two months prior to the consummation of the sale by Peters. Strong, even if a contract of agency had been proven with Rigdon, had a right after abandonment by Rigdon to continue negotiations for a sale through other persons. Davis v. Gassette, 30 Ill. App. 41.

In the absence of an agreement to the contrary, two or more brokers may be employed at the same time by

Rigdon v. Estate of William W. Strong.

the real estate owner to make a sale, and in that contingency the broker who is the efficient cause of bringing about the sale is the one entitled to the commission, notwithstanding another broker may have called the purchaser's attention to the property. McGuire v. Carlson, 61 Ill. App. 295.

Conceding that Rigdon and Peters were each engaged in finding a purchaser for the property, and Rigdon caused the same to be brought to the attention of McCormick in the first instance, but that Peters thereafter was the sole procuring cause of the sale and his efforts alone resulted in its consummation, it is the law under such circumstances that Peters was entitled to the commission, and having got it from Strong in his lifetime, Strong discharged the full measure of his obligation, and his estate, now he is dead, cannot be held liable to pay another commission to Rigdon.

If Strong in his lifetime, in a former trial, gave evidence which Rigdon regarded as favorable to his claim, before he can avail himself of any advantage which might arise out of it, he should have adopted it by putting it in his proof and making it a part of the record; but he elected not to do so, and we have no right to go outside of the record to determine what effect it might have had upon his claim.

It is elementary that a defendant is only put to it to meet the evidence adduced on the trial by the plaintiff, and if such evidence falls short of establishing a right to recover, the defendant may rest in the security of its infirmity and demand the judgment of the court in his favor without resorting to his proofs.

On the evidence in this record, with all the natural and fair inferences deducible from it, appellant is not entitled to maintain his claim against the estate of appellee for commission, and the judgment of the Circuit Court disallowing the claim with costs is affirmed.

*Affirmed.*