Goldstein v. Setka et al., 195 Ill. App. 584.

requiring such court to take judicial notice of all general ordinances of such city, it is to be presumed that judicial notice was taken of the ordinance alleged to have been violated.

2. MUNICIPAL COURT OF CHICAGO, § 36*—*when presumed that court correctly stated provisions of ordinance.* In a prosecution in the Municipal Court of Chicago, charging defendant with a violation of an ordinance of the City of Chicago, it is to be presumed that the court correctly stated the provisions· of the ordinance alleged to have been violated, where it appears that in an oral charge the court told the jury what were the provisions of such ordinance.

3. DISORDERLY HOUSE, § 1*—*when remedy to make complaint more specific.* In a prosecution in the Municipal Court of Chicago, charging defendant with keeping a disorderly house in violation of an ordinance, a motion to quash the complaint *held* properly denied, for the reason that in case the complaint was not sufficiently specific defendant's remedy is in a motion for a more specific statement of the offense charged and not by a motion to quash.

4. DISORDERLY HOUSE, § 6*—*when judgment of conviction sustained by evidence.* In a prosecution charging defendant with keeping a disorderly house in violation of an ordinance, a judgment of conviction *held* not against the weight of the evidence.

5. DISORDERLY HOUSE, § 7*—*when charge not prejudicially erroneous.* In a prosecution charging defendant with keeping a disorderly house in violation of an ordinance, where certain portions of an oral charge were assigned as error, the whole charge as an entirety *held* not prejudicially erroneous.

## M. Goldstein, Defendant in Error, v. Paul Setka and Anna Setka, Plaintiffs in Error.

## Gen. No. 21,105.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed December 21, 1915.

### Statement of the Case.

Action by M. Goldstein, plaintiff, against Paul Setka and Anna Setka, defendants, in the Municipal Court

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of Chicago, to recover the amount of a broker's commission for negotiating the sale of certain real estate. To reverse a judgment for plaintiff for $337.50, defendants prosecute this writ of error.

The plaintiff, M. Goldstein, on October 29, 1913, filed his statement of claim to recover commissions as a real estate broker. The defendants entered their appearance and demanded a jury trial. Subsequently plaintiff filed an amended statement of claim in which he alleged, in substance, that his claim was for commissions due him as a licensed real estate broker for procuring at defendants' request a purchaser, one S. Oliff, for certain real estate with improvements thereon owned by defendants and situated in the City of Chicago; that the property was sold by the defendants to said Oliff on June 23, 1913, for the sum of $13,500; and that the amount due plaintiff as commissions was two and one-half per cent. on said sum, or $337.50. The defendants in their affidavit of merits alleged, in substance, that they did not employ plaintiff as a broker or otherwise with reference to said sale and that plaintiff did not act as agent for defendants but as agent for said Oliff in the transaction. The jury returned a verdict finding the issues against the defendants and assessing plaintiff's damages at $337.50, upon which verdict the court entered the judgment here sought to be reversed.

The evidence showed that plaintiff was a duly licensed real estate broker, that defendants owned the property and that plaintiff carried on negotiations with Oliff with the knowledge of defendants which resulted in the sale.

It appeared that as a result of the efforts and negotiations of plaintiff the parties were brought together and signed a written contract whereby defendants agreed to sell and Oliff to buy the property for $14,000; that subsequently further negotiations were had which resulted in the price being reduced to $13,500; that

there was no special agreement between plaintiff and defendants as to the commissions to be received by plaintiff, but that those commissions were usually two and a half per cent. on the purchase price.

GEORGE H. MASON, for plaintiff in error.

Q. J. CHOTT, for defendant in error; FRANK H. CULVER, of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. BROKERS, § 88*—*when evidence sufficient to sustain judgment.* In an action to recover the amount of a broker's commission for negotiating the sale of certain real estate, judgment for plaintiff *held* warranted by the evidence.

2. BROKERS, § 62*—*when broker acting for both parties entitled to commissions.* Where it appears that through the efforts of a licensed real estate broker the owners and purchaser of real estate were brought together and a contract made for the sale of the real estate, a contract may be implied by which such owners agreed to pay such broker a commission for negotiating such sale, although such broker was never formally employed as broker by such owners, and although it appears that such broker was also acting as agent for the purchaser of such real estate in the same transaction, provided such owners knew of such employment by such purchaser, and provided no fraud was practiced by such broker on such owners.

3. BROKERS, § 38*—*when broker presenting purchaser entitled to commissions.* When a broker has presented to his principal a purchaser whom the principal is willing to accept and does accept, and such purchaser and principal enter into a contract of sale, the broker's commissions are earned.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.