### John S. Sheppard and John E. Ross, Plaintiffs in Error, v. Benjamin D. Cade, Defendant in Error.

BROKERS—*right to commission on sale by other broker.* Real estate brokers are not entitled to commissions on a sale of land where the sale was made by another broker, acting entirely independently of any efforts made by plaintiffs, but to a purchaser with whom plaintiff's had previously initiated negotiations which they had abandoned because of the proposed purchaser's refusal to pay the price asked, the negotiations by the other broker having been commenced after plaintiffs had abandoned all efforts to make the sale.

Error by plaintiffs to the Circuit Court of Morgan county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed October 25, 1922.

WILLIAM N. HAIRGROVE, for plaintiffs in error.

BELLATTI, BELLATTI & MORIARTY, for defendant in error.

MR. JUSTICE HEARD delivered the opinion of the court.

This is a suit in assumpsit brought by plaintiffs in error, hereinafter called plaintiffs, against defendant in error, hereinafter called defendant, for commissions alleged to have been earned and services claimed to have been rendered in the matter of the sale of a 218-acre farm of defendant's. A trial before the court without a jury resulted in a finding in favor of defendant and a judgment in bar and for costs, to review which judgment a writ of error has been sued out from this court.

Plaintiffs, who were real estate agents at Jacksonville, entered into an arrangement with defendant, who was the owner of a farm in the vicinity, whereby plaintiffs were authorized to sell defendant's farm and were to receive as compensation therefor whatever the farm brought over $170 an acre. Plaintiffs claim that subsequently a new agreement was made by the terms of which they were to receive a commission if the land was sold for $170 per acre. Defendant denied making the new agreement and testified that he told plaintiff Ross that if he could not get over $170 an acre for the land he would pay no commissions but that if he got a strong bidder to bring the bidder to defendant.

Plaintiffs showed and priced the farm to one Wood, the lowest price quoted being $172.50 per acre, which price Wood refused to pay, and he was abandoned by plaintiffs as a prospective purchaser.

Defendant had listed the farm with other agents and subsequently one of these agents brought Wood and defendant together and at this meeting the farm was sold to Wood for less than $170 per acre. Plaintiffs knew nothing of the sale until after it was made. Upon learning of it they made demand for commissions, which, being refused, they brought this suit,

claiming that they were the procuring cause of the sale and therefore entitled to the commission.

When two brokers are employed and one of them enters into negotiations with the purchaser which fail and are abandoned, he will not be entitled to a commission because another broker subsequently succeeds, wholly through his own efforts, in making a sale to the same person. Mechem on Agency, 2242-2456-2459. *McGuire v. Carlson*, 61 Ill. App. 295.

We are of the opinion that the court was justified in applying this rule to the facts of the present case and that the judgment of the circuit court should be affirmed.

*Judgment affirmed.*