Joseph J. Drobnick and Jerome P. Drobnick, Copartners, Trading as Drobnick Realty Company, Appellees, v. Old Line Life Insurance Company of America, Appellant.

Gen. No. 9,890.

Opinion filed August 31, 1943.

HALL & HULSE, of Waukegan, for appellant.

DECKER & DOOLEN, of Waukegan, for appellees; BERNARD M. DECKER, of Waukegan, of counsel.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

This is a suit by appellees to recover real estate broker's commission. Appellant denied that it employed them as its brokers to make sale of the premises; denied that they were the procuring cause of such sale; and alleged the sale was made by a different firm of real estate brokers. The jury returned a verdict for appellees in the sum of $550. Both parties made motion for a new trial. These motions were later withdrawn by the respective parties, and any right to file a further motion for new trial was waived. Appellant filed its motion for judgment notwithstanding the verdict. This motion was denied and this appeal follows.

Appellant was the owner of two adjoining business buildings in Waukegan, located at what is described as No. 10 and 12 Genesee street. Appellees were engaged in the real estate business in that city. In Sep-

tember 1940, they addressed a letter of inquiry to appellant with respect to the price it would take for the properties. Appellant replied, stating that if they had a client interested in the purchase of the property, it would be glad to discuss the question of price.

Appellees claim to have interested several purchasers and made written offers to appellant. All such offers were rejected because of inadequacy of price. Appellees talked to Mr. Zagoras, a restaurant operator in Waukegan, about the buildings in question. Appellee, Jerome Drobnick, states he advised Mr. Zagoras the purchase price asked by appellant for the buildings was $47,000. He says his client thought this was too high, and wanted to know what one of the buildings could be bought for, to which appellee replied that he didn't think appellant would sell one building, whereupon Mr. Zagoras asked him if he could buy them both for around $32,000. Following this conversation, appellee wrote appellant in regard to the matter, to which appellant replied that the purchase price would be in the neighborhood of $47,000, for the buildings, and that the real estate department would have to submit any offer of purchase to the finance committee of appellant company for its acceptance before the same could become fixed and binding. Following this communication, appellees arranged a meeting at the office of appellant in Milwaukee. Appellee, Jerome Drobnick, and Mr. Zagoras were at this meeting where they met Mr. Stark, a representative of appellant. It is claimed by appellee that at this conference Zagoras stated $47,000 was too much money for the properties. At the instance of Zagoras, appellee later endeavored to obtain an offer of sale on the buildings in the sum of $37,000. Such attempt was unsuccessful. The letter from appellant declining this offer states that the original purchase price of $47,000 was the amount the committee would consider for the property.

During the month of September 1941, appellant disposed of the property at 12 Genesee street, through another real estate firm. Appellees wrote to appellant on October 2, 1941, stating that they had received information the building at 12 Genesee street had been sold, and asking if such was true. They further stated in this letter that they had endeavored to persuade their client Mr. Zagoras, to offer more than $37,000, but he definitely refused to raise the offer. To this letter, appellant on October 3rd, replied, advising appellees that the property at 12 Genesee street had been sold, stating they were sorry appellees had been unable to induce their client to increase his offer to their figure.

The property at 12 Genesee street was purchased by Mr. Zagoras through another real estate broker in Waukegan. On April 30, 1942, appellees wrote appellant claiming they were entitled to real estate broker's commission on the sale price of this property. It appears the sale price was $20,500. Appellees claim 5 per cent commission on this amount, or $1,025. This was the amount sued for. Appellees testified further as to many conversations had with Zagoras following the refusal by appellant of his last offer of $37,000 for the buildings, and also as to a prospective purchase by Zagoras of one of the buildings, but it does not appear that appellant is charged with any notice of these discussions between appellees and their client Zagoras. The foregoing summarizes the evidence of appellees.

This appeal is based solely upon the refusal of the trial court to grant appellant's motion for judgment notwithstanding the verdict. Appellant takes the position that appellees were never its agents to sell anything; that it was approached by them as purchasing agents for prospective buyers of the property in question; and that appellees had no contract of employment either actual or implied with appellant as its agents to seek out or secure a purchaser for these

properties. Appellant further urges that appellees approached it in a manner merely requesting the price at which it held the buildings; and that each offer submitted by them was on behalf of their own client, and was declined because it was below the price quoted.

There is no question but that the premises were for sale to any purchaser who was willing to pay the price demanded. Appellant did nothing to prevent appellees from effecting a sale to any of their clients. Appellees were unable to procure a reduction of the sale price from appellant to meet the price their client was willing to pay. They thus failed in their negotiations between appellant and their client, the prospective purchaser. During the entire time they were trying to persuade appellant to reduce its price for the property to meet the offer of their client. This might raise the question, for whom were they acting? It is usually considered that unless wrongfully prevented by a principal, a broker must bring about an agreement in order to be entitled to his commission, and the principal may employ several brokers to sell the same property, and may sell to the buyer who is first produced by any one of the brokers, without being called upon to decide which of them was the primary cause of the sale, provided he remains neutral between them and is not guilty of any wrong. *Friend v. Charles W. Triggs Co.,* 147 Ill. App. 427, 430; *Day v. Porter,* 161 Ill. 235, 237. And even though the ultimate purchaser is the same party first introduced by a broker, it is considered that there must be a period within which, after a party has declined to purchase, the owner or another broker may treat the negotiations as at an end, and institute new and independent solicitation. *Weisjohn v. Bell,* 316 Ill. App. 62, 66.

Appellant never listed the property with appellees for sale, nor entered into any contract or agreement with them. The negotiations arose by way of a letter of inquiry from appellees asking at what price appel-

lant held these properties. Their attempt to secure a purchaser was purely voluntary upon their part, and they were unable to persuade any of their clients to pay the price demanded. They never obtained from appellant a price upon either of the business buildings for separate purchase. They wrote their letter of inquiry to appellant asking at what price it held the properties in September 1940. All offers submitted by them were made on behalf of their own clients and were rejected by appellant because they were under the price quoted. It was not until September 1941, a year later, that the building located at 12 Genesee street was purchased by Mr. Zagoras through another broker.

Appellees claim to be entitled to their commission on the ground that they were the procuring cause of the sale. In this we cannot concur. The facts in the cases cited by them do not square with the facts in this case. Upon the facts existing in this case, it will be found that the following authorities support the conclusion reached herein. *Chapman v. Illinois Midwest Joint Stock Land Bank,* 302 Ill. App. 282; *Morton v. Barney,* 140 Ill. App. 333; *Weisjohn v. Bell,* 316 Ill. App. 62; *Rigdon v. Estate of Strong,* 128 Ill. App. 447; *McGuire v. Carlson,* 61 Ill. App. 295; *Friend v. Charles W. Triggs Co.,* 147 Ill. App. 427; *Baldino v. Henneberry,* 191 Ill. App. 368; *Davis v. Gassette,* 30 Ill. App. 41.

The trial court erred in denying the motion of appellant for a judgment notwithstanding the verdict. Its action in this regard is reversed and the cause remanded with directions to grant the said motion of appellant.

*Reversed and remanded with directions.*