Chicago Title and Trust Company, Trustee, Appellant, v. Arthur W. Guild et al., Appellees.

Gen. No. 9,976.

Opinion filed September 19, 1944.

JOHN W. LEEDLE, of Wheaton, for appellant.

HADLEY & LEREN, of Wheaton, for certain appellee; CHARLES W. HADLEY and PALMER LEREN, of Wheaton, of counsel.

RATHJE & WOODWARD, of Wheaton, for certain other appellees; JOHN S. WOODWARD, of Wheaton, of counsel.

MR. PRESIDING JUSTICE DOVE delivered the opinion of the court.

Appellant, Chicago Title and Trust Company, as trustee of a trust estate, filed its verified amended complaint for interpleader, and for aid and direction in chancery, in the circuit court of DePage county, asking the court to determine, as between Arthur W. Guild, on the one part, and Thomas C. Hull and George L. Allmart, on the other, which of them is entitled, as real estate brokers, to a commission on certain real estate sold by appellant, as such trustee, to John M. Davis for the purchase price of $26,325. Arthur W. Guild had instituted suit against appellant for commission on the sale, and a temporary injunction was issued in the instant proceeding restraining the prosecution of that suit. The defendants separately answered the amended complaint, replies to the answers were filed, and upon a hearing on the pleadings, without any testimony, the court entered an order finding that an interpleader does not lie, dissolving the temporary injunction, and dismissing the amended complaint, from which order this appeal is prosecuted.

The amended complaint alleges an offer of John M. Davis to purchase the property, on or about March 29, 1943, the acceptance thereof by the plaintiff, and the consummation of the sale; that Thomas C. Hull and George L. Allmart made a claim upon the plaintiff for a broker's commission of 5 per cent of the purchase price, amounting to $1,316.25, on the alleged ground that they were the procuring cause of the sale; that Arthur W. Guild made a like claim on the plaintiff, on the same ground, and later instituted the suit above mentioned; that Thomas C. Hull and George L. Allmart have threatened to bring a separate suit at law for such commission on the ground that they were the

procuring cause of such sale, whereby the trustee is threatened with a multiplicity of suits for one and the same commission, and to the possibility of divers judgments which might require duplicate payments of such commission to different brokers; that the defendants, Arthur W. Guild, Thomas C. Hull and George L. Allmart, did not have and do not claim to have an exclusive contract with the plaintiff to procure a purchaser for the premises, and that the plaintiff has not entered into any agreement with either of them, or with any other broker, for the payment of a broker's commission to any broker other than to the broker who was the procuring cause of such sale. It is further alleged that the plaintiff is willing and ready to pay the broker's commission to the person or persons lawfully entitled thereto; that only one commission is due or payable, and that the plaintiff trustee cannot pay it to either of the claimant brokers, without grave risk of being subsequently adjudged to have paid the same in error, and of being compelled to pay said commission to another and different broker; that the plaintiff has no interest in or claim upon the money; and is ready and willing to pay it to the clerk of the court or to such other person as the court shall direct upon being discharged from liability to both claimants. The complaint disavows any collusion with any of the defendants, or the asking of any relief upon the request of any of them; alleges that each of the defendants claims to be the procuring cause of such sale, and that the plaintiff is in doubt as to which defendant is entitled to such commission; recites that the danger of the trust being subjected to the payment of two commissions, as aforesaid, raises a doubt as to the amount available for investment, and concludes with a prayer requiring the defendants to interplead, with the usual prayer of relief.

Each of the separate answers of the defendants admits that such particular defendant or defendants

had no exclusive contract with the plaintiff to procure a purchaser for the premises, and each claims that such particular defendant or defendants was or were the procuring cause of the sale, and entitled to the commission therefor. Each answer alleges that if the plaintiff is liable for a commission to the other defendant or defendants it is the result of the acts of the plaintiff upon a separate contract of which the answering defendants have no knowledge, and that such contract, if any, is not the result of any act of such answering defendant or defendants; denies that the plaintiff is ready and willing to pay such commission to the person or persons lawfully entitled thereto; denies the plaintiff's impartiality; and denies or asks for strict proof of no collusion or the asking of relief at the request of the other defendant or defendants.

The answer of Arthur W. Guild is predicated upon an alleged oral agreement with the plaintiff, on or about April 10, 1942, for the payment of the usual and customary broker's fee for the procuring of such sale. The answer of the other defendants admits demanding the commission from the plaintiff, but denies having threatened suit. It alleges liability of the plaintiff to them by reason of the acceptance of a written offer of purchase by John M. Davis, dated March 29, 1943, in which is a statement: "The only broker in any way involved in this offer is T. C. Hull and G. L. Allmart." After the signature of John M. Davis, appears a statement signed by T. C. Hull and George Allmart, by T. C. Hull, reading as follows: "The broker shall be entitled to a commission, to be paid by seller, at the Chicago Real Estate Board rate, only in case the above offer is accepted by the seller and the same is completed. . . . The undersigned, a licensed real estate broker, represents that he is the only broker interested in the foregoing offer and agrees to indemnify and save the seller harmless from claims of any other broker in connection with said offer."

The separate replies of the plaintiff to the answers of the defendants join issue on the allegations thereof, particularly denying that it made separate contracts with the respective defendants to pay them separate commissions; denying the alleged oral agreement with Arthur W. Guild; denying knowledge of whether he was the procuring cause of the sale and praying strict proof thereof; and denying that the offer of John M. Davis and the acceptance thereof constituted a contract between the plaintiff and Thomas C. Hull and George L. Allmart to pay them a commission in the event that they were not the procuring cause of the sale.

Summarizing the pleadings, it is admitted that neither of the defendants had an exclusive contract for the sale of the premises. The defendants each claim a separate contract for the payment of a commission, not connected with any contract of the plaintiff and any other broker. The plaintiff denies any separate contracts with the defendants to pay them separate commissions, and alleges that it agreed to pay only the broker who should be the procuring cause of the sale, which allegation is denied by each of the defendants, each of whom also claims to have been such procuring cause, and the plaintiff denies knowledge as to which of them was such procuring cause. Manifestly, the pleadings present issues of fact and cases cited by appellee wherein the record showed, either on the face of the pleadings, or by the testimony, an admission of indebtedness or a contractual liability to one of the parties, are not in point. The statement of John M. Davis, in his offer of purchase, that the only broker in any way involved in the offer was T. C. Hull and G. L. Allmart, and the statement signed by such brokers, attached to the offer and herein above quoted, is not conclusive or binding upon the seller by reason of its acceptance of the purchaser's offer, and does not estop the seller from questioning its liability to pay

such broker's commission. Otherwise, a broker, who in fact was not the procuring cause of the sale, by collusion with, or misleading the purchaser, could conclusively impose a liability upon the seller who accepted the purchaser's offer, to pay the wrong broker, and put the seller in the position where he would be obliged to pay another commission when only one was due. The offer and acceptance were between the purchaser and the seller, in no way conditioned upon the payment of a commission to Hull and Allmart, and the statement that they are the only brokers involved is no part of the offer, and could be eliminated therefrom without changing its effect as between the purchaser and the seller. As claimed by appellant, not only is there no language in the statement signed by Hull and Allmart which indicates an understanding on their part that they were to receive a commission even if the seller must pay a commission to another broker, but the language negatives such an idea on their part. Clearly, the seller was not bound to accept their offer of indemnity in case he was obliged to pay another broker, nor the representations that they were the only broker involved. Being already sued by another broker, and confronted with a claim for the commission by Hull and Allmart, the plaintiff had the right, and it was its duty as such trustee, to have the question of who was entitled to a commission legally determined, without being subjected to a multiplicity of suits, and possible protracted expensive litigation, to the detriment of the trust estate.

Unless he specially agrees not to do so, an owner of property may employ two or more brokers; in such case it is the broker who is the efficient cause of the sale who is entitled to commissions; and this right is not affected by the fact that such broker sells to one whose attention to the property had before been called by another broker. It is not the broker who first speaks of the property but he who is the procuring

cause of the sale, be he the first or second who engaged the attention of the purchaser. (*McGuire v. Carlson*, 61 Ill. App. 295, 299.) A broker, unless wrongfully prevented by his principal, must bring about an agreement in order to be entitled to his commission, and the principal may employ several brokers to sell the same property, and may sell to the buyer who is first procured by any of them, without being called upon to decide which of the brokers was the primary cause of the sale, provided he remains neutral between them and is not guilty of any wrong. (*Day v. Porter*, 161 Ill. 235, 237; *Drobnick v. Old Line Life Ins. Co. of America*, 320 Ill. App. 232, 236.) Submitting an offer of a purchaser, which is accepted by the seller does not necessarily mean that the party submitting such offer was the procuring cause of the sale.

In *Noble v. Carruthers*, 235 Ill. App. 1, 8, the court said: ''In the case at bar, under the allegations of the bill, the complainants have entered into no independent express agreement with either broker and they cannot be liable to both. If it should be determined that they are liable to one, their liability to the other would necessarily be precluded. Obviously there cannot be two sole and procuring causes of the successful negotiation of the same lease. But if the complainants are put to their defense of two separate suits at law, each with its own separate record and evidence, it is not difficult to conceive a situation in which the complainants might have to answer to two judgments. That is a situation which equity should and will prevent under such facts as are alleged in the bill of complaint involved here.'' A bill of interpleader has always been treated as a suit in equity, and the facts in the *Noble* case are analogous to the facts in this case.

The four essentials of an interpleader as enumerated by the authorities are: First, the same thing, debt or duty must be claimed by both or all the parties against

whom the relief is demanded; second, all the adverse titles, or claims must be dependent on or be derived from a common source; third, the person asking the relief—the plaintiff—must not have nor claim any interest in the subject matter; fourth, he must have incurred no independent liability to either of the claimants,—that is, he must stand perfectly indifferent between them, in the position, merely, of stakeholder. (*Morrill v. Manhattan Life Ins. Co.*, 183 Ill. 260, 267; *Snow v. Ulrich*, 126 Ill. App. 493, 495.) These elements are present in the amended complaint in this cause. There was but one sale, and according to the allegations of the complaint, there was but one commission to be paid, which, obviously is the same fund.

The rule and the ground of jurisdiction in an interpleader proceeding is stated in *Newhall v. Kastens*, 70 Ill. 156, 159, as follows: "Where two or more persons claimed the same fund or property, by different or separate interests, and another person does not know to whom it of right belongs, and as to which he is wholly indifferent as between them, he may exhibit a bill of interpleader as against them. The ground of jurisdiction is the apprehension of danger to himself from the doubtful and conflicting claims of the several parties, as between themselves; and the only decree he is entitled to, is, that his bill is properly filed, that he have liberty to pay the money or deliver the property to the party entitled thereto and be thereafter protected from the several claimants." (Citing authorities.)

In our opinion appellant's pleadings sufficiently set up a cause for interpleader. The order of the trial court dissolving the temporary injunction and dismissing the amended complaint is therefore reversed and the cause is remanded with directions to proceed in accordance with the views herein expressed.

*Reversed and remanded with directions.*