J. H. HENNESSY, Jr., as an individual and d/b/a Business Systems and Services Company, a proprietorship, Plaintiff,

v.

Otis A. SCHMIDT, Defendant.

No. 72 C 543.

United States District Court, N. D. Illinois, E. D.

Oct. 9, 1974.

Philip B. Hill and William M. Freivogel, Ross, Hardies, O'Keefe, Babcock & Parsons, Chicago, Ill., for plaintiff.

Edward J. Kelly, Lloyd P. Douglas, Chicago, Ill., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

BAUER, District Judge.

### FINDINGS OF FACT

These findings of fact result from a careful consideration of the testimony given by the respective witnesses at trial, exhibits submitted by the parties

and other competent evidence submitted by the parties. These findings are predicated upon the Court's observation of the witnesses, its consideration of their demeanor and ability, its appraisal of other competent evidence submitted by the parties and its examination of the relevant pleadings and memoranda submitted.

### A. The Parties and Jurisdiction

1. The plaintiff, J. H. Hennessy, Jr. ("Hennessey"), is a citizen of the State of Florida who is a broker with experience in corporate acquisitions and mergers. The defendant, Otis A. Schmidt ("Schmidt"), is a citizen of the State of Illinois residing in the Northern District of Illinois.

2. The plaintiff, Hennessey, seeks to recover damages in excess of $10,000 exclusive of interest and costs from the defendant Schmidt.

### B. The Agreement

3. Schmidt and Al Ruck ("Ruck") are the principle owners of the common stock of S & R Industries, Inc.

4. In 1970, for reasons not material to this action and not fully developed at the trial, Schmidt was voted out of operating control and thus sought to sell his interest in S & R Industries.

5. By virtue of letters exchanged on June 22, 24, 26, and July 22, 1970, Schmidt and Hennessey entered an agreement whereby Hennessey would receive a specific commission if he produced a buyer of Schmidt's stock in S & R Industries at a suitable price.

6. This agreement was not an exclusive arrangement wherein Hennessey would receive compensation no matter who was the proximate cause of the sale.

7. At the time Schmidt and Hennessey made the agreement a lawsuit was pending in the Illinois State court. The parties to the lawsuit were Schmidt and Ruck. This suit was initiated in December of 1970.

8. Pursuant to the agreement Hennessey performed a number of services in the form of telephone calls and letters in an attempt to sell Schmidt's shares of S & R Industries.

9. By the end of January, 1971, no buyer could be found for Schmidt's stock. From that point on Hennessey directed his attention to negotiating a purchase by Ruck and arranging for financing through Central National Bank.

10. Hennessey performed his services with the approval of Schmidt as demonstrated by Schmidt's letter to Hennessey on October 8, 1971.

11. Schmidt's stock was sold to Ruck as a direct result of the settlement reached by Ruck and Schmidt in the lawsuit which was filed in state court.

12. Hennessey never participated in the negotiations nor did he procure the agreement that entered the state court litigation.

13. Hennessey did not assist in the preparation of the final papers that made up the settlement agreement and the sale of the shares, nor did he attend the closing.

14. Schmidt's attorney, Edward Kelly, negotiated with Ruck and the corporation regarding the settlement of the lawsuit by the purchase of Schmidt's shares.

### CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and over the subject matter pursuant to 28 U.S.C. § 1332.

2. The substantive law of the State of Illinois shall be applied in this case.

3. In a suit by a broker for a commission, he must normally prove, by a preponderance of the evidence, that he procured a purchaser ready, willing and able to purchase on the seller's terms. Or, that the sale was the proximate result of the broker's efforts, or that he was the procuring cause of the sale. Waghorne v. Hogstrom, 11 Ill.App.2d 345, 137 N.E.2d 497 (1956) (an unpublished full opinion); Camp v. Hollis, 332 Ill.App. 60, 74 N.E.2d 31 (1947); Klyczek v. Dubuque Fire and Marine

Insurance Company, 325 Ill.App. 696, 60 N.E.2d 648 (1945) (abst.); Murawska v. Boeger, 219 Ill.App. 241 (1920).

4. A broker is not deemed to be the procuring cause merely because he may have influenced the purchase to some extent. Rather, he must be the one who affects the sale or through whose efforts the sale is brought about. Waghorne v. Hogstrom, *supra;* White v. Sellmyer, 157 Ill.App. 435 (1910); Commercial National Bank v. Hawkins, 35 Ill.App. 463 (1889).

5. In this case there is no doubt that the parties entered into a legally binding contract. However, it is undisputed that it was not of an exclusive nature. Thus, Schmidt was free to negotiate a sale with other parties. Friend v. Charles W. Triggs Co., 147 Ill. App. 427 (1909); Chicago Title and Trust Co. v. Guild, 323 Ill.App. 608, 56 N.E.2d 659 (1944).

6. Although plaintiff contended that he engaged in correspondence of over 30 letters, made in excess of 50 telephone calls, assisted in arranging bank financing, made an analysis of bookkeeping deficiencies, etc., no evidence was presented which conclusively showed the plaintiff's activities were the proximate cause of the sale.

7. Plaintiff's complaint was couched in terms of contract. In order to be successful on the merit of his claim for a 5% commission, plaintiff had to demonstrate performance of all the conditions. As a condition precedent to the payment of the commission the plaintiff's efforts had to be the proximate cause of the sale. A condition creates no right or duty in itself, but is merely a limiting factor and if it is breached or does not occur, the promisee acquires no right to enforce the promise. United States v. Schaeffer, 319 F.2d 907, cert. denied, 376 U.S. 943, 84 S.Ct. 798, 11 L.Ed.2d 767 (1963); Riley v. General Mills, Inc., 346 F.2d 68 (3rd Cir. 1965). If the action was brought in quantum meruit plaintiff may have been successful in presenting a claim for the services he did in fact render. But an action based on contract such as was presented requires proof of fulfillment of the agreement, i. e., that the plaintiff's efforts procured the sale. It was the state court litigation and not the plaintiff's efforts that was the proximate cause of the sale of Schmidt's shares.

8. The defendant was not liable to the plaintiff for services rendered pursuant to the aforementioned agreement. Such an agreement was of an "all or nothing" character. In order to earn his commission the plaintiff was required to produce a buyer at a suitable price.

Accordingly, it is hereby ordered that the defendant is not liable for damages on the agreement as charged by the plaintiff.